[S. F. No. 3931. In Bank.—May 3, 1904.]

LUCILE D. GAY, Petitioner, v. E. S. TORRANCE, Judge, etc., Respondent.

MANDAMUS—ORDER STRIKING OUT AFFIDAVITS ON MOTION FOR NEW TRIAL —REMEDY BY APPEAL.—*Mandamus* will not lie to compel the judge of the trial court to vacate an order striking out affidavits filed by the petitioner in support of a motion for a new trial. Such order, if erroneous, was not in excess of jurisdiction; and an appeal from the same, upon a settled bill of exceptions, will afford a remedy for the review of an alleged error in the ruling.

APPLICATION for Writ of Mandate to a Judge of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Victor E. Shaw, and Valentine & Newby, for Petitioner.

L. L. Boone, and O. A. Trippet, for Respondent.

THE COURT.—This is an application for a writ of mandate seeking to compel the trial court to vacate its order striking from the files and ordering the destruction of certain affidavits filed by petitioner in support of her proposed motion for a new trial. The application for mandate is denied. The order, even if erroneous, was not in excess of the court's jurisdiction, and the court having acted, mandate will not lie to correct mere error where, as in this case, an appeal is open to the moving party. The facts in *Hartmann* v. *Smith,* 140 Cal. 461, were different. There the trial court, under the belief that a motion for a new trial would not lie in any event, struck from the files the proposed statement upon motion for a new trial with the accompanying affidavits. An alternative writ of mandate was by this court ordered issued, because no appeal lay from the court's order refusing to settle the statement upon motion for a new trial. In the present case, however, the trial court does not refuse to settle the statement upon motion for new trial, but, as has been said, has stricken from the files certain affidavits as being contumelious and scandalous. An appeal from such order striking out said affidavits, etc., upon bill of exceptions settled, will afford the complaining party an opportunity to have reviewed the alleged error in the trial court's ruling.