[Civ. No. 1951. Fourth Appellate District.—July 20, 1936.]

LOGAN E. RUGGLES, Appellant, v. LEROY BAILEY, Public Administrator, etc., Respondent.

A. R. Honnold for Appellant.

George W. Fisher for Respondent.

TURRENTINE, J., *pro tem.*—This is an appeal from a judgment dismissing appellant's complaint to set aside a judgment of divorce entered in a divorce case entitled *Valeria P. Ruggles* v. *Logan E. Ruggles,* the allegations of the complaint being that at all times subsequent to the entry of the interlocutory decree of divorce appellant and Valeria P. Ruggles lived together as man and wife, had become reconciled, and had cohabited together as man and wife. An interlocutory judgment by default was entered in the divorce action June 23, 1932, and a final decree was entered August 30, 1933. Plaintiff therein filed her affidavit in the manner and form provided by rule 26 of the Rules of the Judicial Council of the State of California governing the business of the superior courts. Valeria P. Ruggles, the plaintiff in the divorce action, died June 15, 1934, and defendant is the administrator of her estate. The trial court found that the parties to the divorce suit, that is, appellant herein and Valeria P. Ruggles, had not become reconciled after the entry of the interlocutory decree of divorce and had not lived together or cohabited as man and wife. Appellant attacks the sufficiency of the evidence to support this finding.

■ Where two persons become reconciled and live together as husband and wife after the granting of an interlocutory decree of divorce to one of them, the right to obtain a final decree is, of course, destroyed. (*Olson* v. *Superior Court,* 175 Cal. 250 [165 Pac. 706, 1 A. L. R. 1589].) "Reconciliation, like condonation, is a state of mind to be determined from all the evidence including rational inferences." (*Keller* v. *Keller,* 122 Cal. App. 712, 715 [10 Pac. (2d) 541].) "The real question before the court was whether the circumstances as a whole showed a mutual intention to effect a reconciliation .and unite in mending the break in the matrimonial yoke. This was a question of fact for the determination of the judge, who had the parties before him and patiently listened to each." (*Keller* v. *Keller, supra.*) "Whether the parties had become reconciled and resumed marital relations are the ultimate facts to be determined by the court, and not by the conclusion of the plaintiff and her witnesses. . . . "

(*Kronman* v. *Kronman*, 129 Cal. App. 10 [18 Pac. (2d) 712].)

█ A careful reading of the transcript of the evidence discloses that the trial court would have been justified in finding that there was in fact a reconciliation and condonation and that Valeria P. Ruggles and Logan E. Ruggles cohabited together as husband and wife after the granting of the interlocutory decree. It likewise appears that it was justified from the evidence in finding, as it did, that there was no reconciliation or condonation subsequent to the entry of the interlocutory decree and that they did not thereafter cohabit as husband and wife. Bearing in mind the rules of law hereinbefore stated, we must hold that the findings of the trial court on these matters are findings of fact and when supported by any evidence, are conclusive. There was sufficient evidence on which the court could base the findings it made.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.