[L. A. No. 20063. In Bank. Sept. 7, 1948.]

Estate of JOSE MARIA ABILA, Deceased. EMELINA V. ABILA, Appellant, v. M. V. SPENDRUP, Respondent.

Jesse Bach Porter for Appellant.

MacDonald, Wallace, Cashin & Arrington and W. W. Wallace for Respondent.

TRAYNOR, J.—Jose Maria Abila died in December, 1943, leaving a will that was duly admitted to probate. Emelina V. Abila, who was not mentioned in the will, filed a petition to

determine heirship under section 1080 of the Probate Code, alleging that she is the widow of decedent. She also alleged that the entire estate was less than $2,500 and prayed that it be set aside to her as surviving spouse under section 640 of the Probate Code.

Petitioner married Paul Ortega in 1897, but this marriage was subsequently annulled. She married decedent in March, 1910. They separated in September, 1911, and decedent obtained an interlocutory decree of divorce in March, 1913, on the ground of desertion. The final decree, however, has never been entered. Petitioner entered into a marriage ceremony with Gustave Moser in 1915, and lived with him for eleven years. She obtained an interlocutory decree of divorce from Moser in May, 1929, and the final decree was entered a year thereafter. The trial court found that petitioner was not the widow of decedent at the time of his death, but was the divorced wife of Moser, and held that she was not entitled to have the entire estate set aside to her. Petitioner appeals.

Petitioner contends that the interlocutory decree of divorce did not dissolve her marriage with decedent, since no final decree was entered, and that the subsequent marriage with Moser was therefore void. ▮ Even if it is assumed, however, that petitioner is the widow of decedent, it does not follow that she is entitled to have the entire estate set aside to her. It is settled that an estate may not be set aside to a widow who, because of her desertion, was not entitled to the support of her husband at the time of his death. (*Estate of Bose,* 158 Cal. 428, 429 [111 P. 258]; *Estate of Miller,* 158 Cal. 420, 423 [111 P. 255]; *Estate of Boeson,* 201 Cal. 36, 41 [255 P. 800]; see *Estate of Brooks,* 28 Cal.2d 748 [171 P.2d 724]; *Estate of Fulton,* 15 Cal.App.2d 202, 204 [59 P.2d 508].)

The question, therefore, is whether at the time of decedent's death petitioner was entitled to his support. ▮ Although an interlocutory decree of divorce does not dissolve the marriage (*Deyoe* v. *Superior Court,* 140 Cal. 476 [74 P. 28, 98 Am.St.Rep. 73]; *Pereira* v. *Pereira,* 156 Cal. 1, 10 [103 P. 488, 134 Am.St.Rep. 107, 23 L.R.A.N.S. 880]; *Estate of Dargie,* 162 Cal. 51, 53 [121 P. 320]), it terminates the obligation of support in the absence of a provision therefor. (*London G. & A. Co.* v. *Industrial Acc. Com.,* 181 Cal. 460 [184 P. 864]; *McClure* v. *McClure,* 4 Cal.2d 356, 359-360 [49 P.2d 584, 100 A.L.R. 1257].) The interlocutory decree, which was granted to decedent in 1913 on the ground of petitioner's desertion, made no provision for her support. Petitioner is therefore not

entitled to have the entire estate assigned to her unless it can be established that she had resumed marital relations with decedent so as to revive his obligation of support.

Petitioner introduced evidence, including her own testimony, that she had resumed marital relations with decedent several years after she obtained a divorce from Moser. She and her daughter testified that he had lived with her at her home on weekends during the five years immediately preceding his death. This evidence, however, was contradicted by the testimony of two witnesses, in addition to the affidavits of several neighbors of decedent, which show that decedent had lived alone for many years preceding his death, and that he spent his weekends for the most part with friends on a ranch; there was also testimony that petitioner had never visited the home of decedent, and that he had frequently stated to friends that he was single. ■ When parties become reconciled after an interlocutory decree and live together as husband and wife, the right to a final decree is destroyed (*Olson* v. *Superior Court,* 175 Cal. 250, 252 [165 P. 706, 1 A.L.R. 1589] ; *Nelson* v. *Nelson,* 7 Cal.2d 449 [60 P.2d 982]), and they are entitled to such rights as arise from the legal relation of husband and wife. (*Estate of Dargie, supra,* p. 54; *Rickards* v. *Noonan,* 40 Cal.App.2d 266 [104 P.2d 839].) The circumstances of reconciliation, however, must show that the parties intended to reunite as husband and wife; occasional cohabitation does not alone establish a reconciliation. (*Keller* v. *Keller,* 122 Cal.App. 712, 715 [10 P.2d 541] ; *Ruggles* v. *Bailey,* 15 Cal.App.2d 555, 556 [59 P.2d 837].) "The problem is one of whether the parties have become so reconciled as to have fully resumed relations as man and wife with intention that they be permanent, obviating the necessity or desire for termination of marriage and making its continuance a matter of social propriety and probable success." (Nelson on Divorce and Annulment [2d ed., V. 3], 135.) ■ The evidence does not establish such a resumption of marital relations in this case. It cannot be held, therefore, that the obligation of support has been revived.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied September 30, 1948.