[Civ. No. 17988.  Second Dist., Div. Two.  Feb. 19, 1951.]

MARION AUDREY HULL, Appellant, v. FOSTER MILLER HULL et al., Respondents.

Henry C. Huntington for Appellant.

Randles & Randles and Le Roy Anderson for Respondents.

MOORE, P. J.—Appellant filed for divorce January 10, 1940, and her interlocutory decree was entered April 29, 1941. By the affidavits of Alice Hull, respondent, and Henrietta Jourdin it appears that Foster Hull celebrated a marriage ceremony with Alice on November 15, 1946, and that he deceased on September 8, 1949, leaving his estate to her; that she had no knowledge of the fact that a final decree had not been entered prior to her marriage ceremony. On March 1, 1950, Alice moved the court to enter a final decree, *nunc pro tunc* as of May 1, 1942. The record discloses (1) the minute order of March 30, 1950, which recites that "after oral arguments and on the court's own motion, the final decree of divorce is ordered entered *nunc pro tunc* as of May 1, 1942," and (2) the ensuing judgment of divorce followed by Judge Maltby's order that "this judgment be dated, signed, filed, and entered *nunc pro tunc* as of May 1, 1942."

The appeal is from "the judgment entered March 27, 1950, *nunc pro tunc* as of May 1, 1942, and from the order entering said decree and the whole thereof."

Appellant demands a reversal on the grounds that (1) the court was without jurisdiction to hear and determine the motion of respondent, and (2) the court erred in granting it in view of respondent's failure to aver any evidence of mistake, inadvertence or negligence as required by section 133 of the Civil Code.* ▮ The only inadvertence or negligence expressly set forth in the affidavit is respondent's failure to ascertain prior to her marriage to decedent that a final decree had not been issued. She avers that after Foster's death she ''discovered for the first time that no final decree of divorce had been filed.'' These facts alone show negligence and inadvertence on the part of both respondent and deceased within the meaning of the cited statute. The mere fact that one has entered into a second marriage while not wholly free from prior matrimonial bonds when such freedom could have been procured by no effort more than the filing of the necessary affidavit, certainly demonstrates in itself that a mistake was made or that there was negligence or inadvertence on the part of someone. ▮ The suggestion of appellant that the decedent might have intentionally refrained from causing the final decree to be entered is overcome by the presumption ''that a person is innocent of crime or wrong.'' (Code Civ. Proc., § 1963[1].)

▮ Moreover, there are implied in the language of the affidavit three facts as clear as if they had been expressly declared, namely, (1) appellant was the party to whom the interlocutory was awarded, (2) decedent had assumed that as the aggressor in the action appellant would have caused the entry of the final decree, (3) presumptions that operated on the mind of decedent, to wit, (a) that a person takes ordinary care of his own concerns, (b) the ordinary course of business has been followed, (c) things have happened according to the ordinary course of nature and the ordinary habits of life. (Code Civ. Proc., § 1963, subds. 4, 20, 28.) By reason of such

---

*''Whenever either of the parties in a divorce action is, under the law, entitled to a final judgment, but by mistake, negligence or inadvertence the same has not been signed, filed or entered, . . . the court . . . upon its own motion, may cause a final judgment to be signed, dated, filed and entered therein granting the divorce as of the date when the same could have been given or made by the court if applied for . . . Upon the filing of such final judgment, the parties to such action shall be deemed to have been restored to the status of single persons as of the date affixed to such judgment, and any marriage of either . . . subsequent to one year after the granting of the interlocutory judgment . . . and after the final judgment could have been entered under the law if applied for, shall be valid for all purposes as of the date affixed to such final judgment, upon the filing thereof.''

facts and presumptions the court below was warranted in determining that respondent had shown negligence and inadvertence in contracting a marriage with Foster Hull without first learning the status of the divorce record as well as negligence and inadvertence on the part of decedent. When any person sets about to achieve a serious purpose which is not beyond his powers, after he has proceeded to the threshhold of his goal it is a fair presumption subsequently that he has taken "ordinary care of his own concerns." Especially is such presumption applicable where the final step to a realization of such purpose involves no expense. The showing of inadvertence was sufficient to justify the order. A judge of the superior court is in the position of the chancellor of olden times whose constant aim was to preserve the tranquility of society and the happiness of the individual where it could be done without detriment to anyone.

Appellant had received her interlocutory decree five and a half years before her estranged husband was wed to respondent. Through purpose or inadvertence appellant omitted to cause a final decree to be entered. If it was because of her mistake, negligence or inadvertence she can have no grievance against respondent who justifiably presumed that appellant had accomplished her incipient purpose.

Affirmed.

McComb, J., and Wilson, J., concurred.