[Civ. No. 19419.  Second Dist., Div. Three.  Mar. 26, 1953.]

ESTHER NEMER, Appellant, v. TED NEMER, Respondent.

Bertram H. Ross for Appellant.

Thomas Higgins, Jr., for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order granting a motion made by defendant to enter a final judgment of divorce *nunc pro tunc*, and from the final judgment of divorce granted after a hearing at which plaintiff contended the application of defendant for the final decree should be denied on the ground the interlocutory judgment had been followed by a reconciliation and the resumption of marital relations. Since an appeal does not lie from the order, that appeal will be dismissed. (Code Civ. Proc., § 963.) The ruling is reviewable on appeal from the judgment.

On May 19, 1950, plaintiff-wife was granted an interlocutory judgment of divorce from defendant. The judgment was entered May 22, 1950. On May 7, 1952, no final judgment having been entered, defendant obtained an order commanding plaintiff to appear and show cause why the final judgment should not be rendered and entered *nunc pro tunc* as of May 23, 1951. Plaintiff appeared and opposed the motion. On the hearing evidence was adduced by both parties. On June 19, 1952, an order was made that final judgment be entered *nunc pro tunc* as of one year subsequent to the entry of the interlocutory judgment. A final judgment was so entered on June 24, 1952.

Inasmuch as the final judgment is predicated on the testimony of defendant, his version of the occurrences after the entry of the interlocutory judgment must be accepted. On April 1, 1951, plaintiff "went to work" for defendant in his store. He paid her a salary until June 18, 1951. Sometime in June, 1951, defendant told plaintiff that if she would just promise him that her family would not interfere in their marriage, if she would just think of him and be for him, that they should try to work out their marriage—try living together again. Defendant testified he told plaintiff: " 'Esther, if I would ever go back to you, it would be on one condition, on the condition we will try it out, but one thing, that you mustn't run around, you must promise me not to go around with any man, we won't have any interference of the family. I have had plenty, because I can't stand another thing as we had. If you are willing to do that,' I said, 'we will talk things over, and if it doesn't work out, you and I are going to split. You owe me nothing and I owe you nothing, no strings attached, and we are through.' " They moved into an apart-

ment on July 1, 1951, and lived there together until April 27, 1952, when defendant moved out and did not return. From sometime in January, 1952, until defendant left on April 27, 1952, plaintiff refused to have intercourse with him. Defendant testified that during the period the parties were living together plaintiff called him vile names, that just before he moved out was one such occasion and that he said: " 'Okay, Esther, you called me those words time and time again.' I said, 'This is the climax. You and I are through. You haven't lived up to anything.' " Defendant also testified that when they moved into the apartment it was his feeling that he was having a "trial situation" with plaintiff; that he did not feel he was married to her; that if it didn't work, there were no strings attached, and he and Mrs. Nemer could part and part friendly; that was their agreement; it was just a trial.

Reconciliation of the parties and actual resumption of the marriage relation may justify the court in refusing, or make it the duty of the court to refuse, to grant a final judgment of divorce. (*Gloyd* v. *Superior Court*, 44 Cal.App. 39, 42 [185 P. 995].) Where, after the entry of an interlocutory decree, events occur to change the status or relation of the parties, such as condonation and a resumption of the marital relation, the entry of the final decree is not a ministerial act; it becomes a judicial act in the performance of which the trial court has a broad discretion. (*Lane* v. *Superior Court*, 104 Cal.App. 340, 345 [285 P. 860]; *Angell* v. *Angell*, 84 Cal.App.2d 339 [191 P.2d 54].) The circumstances of reconciliation must show that the parties intended to reunite as husband and wife. (*Estate of Abila*, 32 Cal.2d 559, 561 [197 P.2d 10].) Reconciliation is a state of mind to be determined from all the evidence, including all reasonable inferences that may be drawn therefrom. (*Ruggles* v. *Bailey*, 15 Cal.App.2d 555, 556 [59 P.2d 837].) The mere fact that the parties indulged in marital intercourse which they admitted, is not a controlling circumstance. (*Hawkins* v. *Hawkins*, 104 Cal.App. 608, 612-613 [286 P.2d 747].) Whether the evidence showed a mutual intention to effect a reconciliation and unite in mending the matrimonial yoke is a question of fact for the determination of the trial court. (*Keller* v. *Keller*, 122 Cal.App. 712, 715 [10 P.2d 541]; *Kronman* v. *Kronman*, 129 Cal.App. 10, 15 [18 P.2d 712].) The evidence was such that the trial court would have been justified in finding that the parties became reconciled after the granting of the interlocutory decree. It also appears

that it was justified in finding, as it did, that there was no reconciliation. Under such circumstances a reviewing court may not substitute its views for those of the trial court. (*Coward* v. *Coward,* 3 Cal.2d 340 [44 P.2d 358]; *Angell* v. *Angell,* 84 Cal.App.2d 339, 343 [191 P.2d 54].)

■ In any event, says plaintiff, the court was without power to enter the final judgment *nunc pro tunc.* Defendant testified that prior to commencement of the action he had a conference with plaintiff and her attorney at which a property settlement agreement was entered into; that he was not represented by an attorney; that at the conference plaintiff's attorney told him he was going to take care of everything to the end of the case, including obtaining the final judgment; and that he relied on plaintiff's attorney to obtain it. This evidence was sufficient to warrant the court in concluding that the final judgment had not been entered previously because of negligence and inadvertence on the part of defendant. Under such circumstances the court was empowered to enter the final judgment *nunc pro tunc* as of the expiration of one year after the entry of the interlocutory judgment. (Civ. Code, § 133; *Hull* v. *Hull,* 102 Cal.App.2d 382, 384 [227 P.2d 546].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 21, 1953.