[Civ. No. 25873. Second Dist., Div. One. Oct. 16, 1962.]

ELEANORA MACKIE, Plaintiff and Respondent, v. MALCOLM MACKIE, Defendant and Appellant.

Malcolm Mackie, in pro. per., for Defendant and Appellant.

Edwards, Edwards & Ashton for Plaintiff and Respondent.

LILLIE, J.—After 20 years of marriage, plaintiff wife, now 80 years old, sued defendant for divorce in 1959 alleging a course of grievous physical and mental cruelty. Upon charges and proof—that defendant strangled her to unconsciousness in 1957 and repeatedly beat her, on four occasions resulting in blackened eyes (1958), that she lived with defendant in a state of terror and since 1958 has avoided him whenever possible, that several times defendant has been in jail, and that defendant has failed and refused to work and support her (amended complaint for divorce, par. V)—an interlocutory decree of divorce was entered on October 8, 1959, awarding her a divorce and the family home. From this judgment defendant appealed; it was affirmed November 28, 1960. (*Mackie* v. *Mackie,* 186 Cal.App.2d 825 [9 Cal.Rptr. 173].) On February 9, 1961, plaintiff executed a proper affidavit and filed her application for final decree of divorce; final judgment was entered February 21, 1961. Thereafter, defendant moved to vacate the same upon the ground that plaintiff committed a fraud on the court, in that her affidavit had failed to disclose that the parties "lived together as husband and wife and cohabited" during the interlocutory period. Defendant appeals from the order denying the motion. Appellant's sole contention is that inasmuch as "the parties lived together after the entry of the Interlocutory Decree" (A.O.B., p. 6), the lower court erred in refusing to vacate the final judgment.

Assuming all matters set up in defendant's affidavit supporting his motion to vacate to be true, he has failed to make out a case of fraud which would justify vacation of the final judgment; indeed, had the motion based thereon been granted, the showing would have been insufficient to thereafter support a denial of entry of the final decree.

Under the law of this state, whatever their conduct

with each other subsequent to entry of the interlocutory judgment, to justify denial of a dissolution of the marriage it, at least, must have been such as to constitute a reconciliation of the parties (*Olson* v. *Superior Court,* 175 Cal. 250 [165 P. 706, 1 A.L.R. 1589]; *Nacht* v. *Nacht,* 167 Cal.App.2d 254 [334 P.2d 275]); and it is the duty of the court, where grounds for divorce have been established by an interlocutory decree which has been unassailed until application for final decree, to enter the latter "unless there is clear and cogent proof of reconciliation and resumption of connubial relations, or some other legal ground for denying dissolution of the marriage." (*Keller* v. *Keller,* 122 Cal.App. 712, 715 [10 P.2d 541]; *Dean* v. *Dean,* 77 Cal.App.2d 98 [174 P.2d 705].)

 Mere cohabitation or living on the same premises is not sufficient to constitute a ground for denial of a final judgment. Living in the same house, or engaging in acts of sexual intercourse, or cohabiting together as husband and wife during the interlocutory period does not as a matter of law establish a reconciliation of the parties; in addition, there must be an intent on the part of the prevailing party to condone past conduct of the offending party and to restore him to all marital rights. (*Estate of Abila,* 32 Cal.2d 559 [197 P.2d 10]; *Dean* v. *Dean,* 77 Cal.App.2d 98 [174 P.2d 705]; *Walsh* v. *Walsh,* 108 Cal.App.2d 575 [239 P.2d 472]; *Nemer* v. *Nemer,* 117 Cal.App.2d 35 [254 P.2d 661]; *Peterson* v. *Peterson,* 135 Cal.App.2d 812 [288 P.2d 171]; *Garibaldi* v. *Garibaldi,* 153 Cal.App.2d 170 [314 P.2d 89].) "A reconciliation occurs when the circumstances show that the parties intended to reunite as husband and wife (*Estate of Abila,* 32 Cal.2d 559 [197 P.2d 10]; *Nemer* v. *Nemer,* 117 Cal.App.2d 35 [254 P.2d 661]), and when there has been an unconditional forgiveness by the prevailing party. (*Angell* v. *Angell,* 84 Cal.App.2d 339 [191 P.2d 54].)" (*Nacht* v. *Nacht,* 167 Cal.App.2d 254 261 [334 P.2d 275].) Accordingly, rule 20, Rules for the Superior Courts,* requires the applicant for final judgment of divorce at the time of the motion therefor, to submit to the court "an affidavit to the effect that, among other things (a) the parties have not been reconciled, and (b) that they have not lived or cohabited together since the granting of the interlocutory decree." This plaintiff did; her affidavit asserted "2. That since the granting of said interlocutory judgment, (a) said parties have not become reconciled; (b) said parties have not lived or cohabited together; . . ."

---

*Now California Rules of Court, rule 233.

Significantly, in defendant's notice of motion to vacate, points and authorities and supporting affidavit, he alleged neither the ultimate fact of reconciliation nor facts even suggesting one; made no claim whatsoever that a reconciliation had taken place; nor did he assert that plaintiff voluntarily or willingly lived with him in her home or cohabited with him, or did either with intent to condone his past conduct and restore him to marital rights. And in appellant's brief before this court there is a complete absence of any claim of reconciliation or even a use of the term "reconciliation." Defendant not only failed, in the lower court, to sustain his burden of showing that a reconciliation took place, but in his appellate brief completely ignores the necessity for such a showing. Defendant's only claim is found in his declaration, not under oath, that "the parties have lived together as husband and wife and cohabited during said period in their home" (notice of motion to vacate), and his statement under oath that at all times he resided at plaintiff's address and they "were not 'seperated' [sic] or apart but in fact were living togather [sic] normally as husband and wife in the home as formally [sic] for the past 20 years." (Affidavit in Support of Motion.) Mere living on the same premises or living together as husband and wife in the home, without further conduct showing a reconciliation, is not sufficient to constitute a ground for denying dissolution of a marriage; thus on their face, defendant's notice of motion to vacate and his accompanying affidavit are insufficient to support the charge of extrinsic fraud alleged therein.

Ignoring the rules on appeal, appellant asks us to review the facts and determine, contrary to the lower court's implied finding, that the "parties have lived together so as to nullify the judgment of divorce" (A.O.B., p. 7) ; he does not contend that the evidence is insufficient to support the finding of the court below but improperly argues that the evidence would support a finding that "the parties had lived together." (A.O.B., p. 7.) However, were we empowered to revaluate the evidence and find that "the parties had lived together" during the interlocutory period, such a finding still would not justify a holding contrary to that of the lower court; as authority therefor, we refer to the principles hereinabove set forth. But considering the sufficiency of the evidence, a review of the record convinces us that the implied findings of the court below are amply supported.

Like oral testimony, it is the province of the trial

judge, in considering affidavits, to determine the credibility of the affidavits, weigh their assertions and resolve any factual conflict created thereby. ■■■ Whether defendant's showing on his motion to vacate, by way of his affidavit and the "records, papers and files" in the action, was sufficient to establish the falsity of plaintiff's affidavit in support of her application for final judgment and thus a fraud on the court, was a question of fact for the lower court. (*Garibaldi* v. *Garibaldi*, 153 Cal.App.2d 170 [314 P.2d 89].) ■■■ Moreover, even had it found defendant's affidavit, on its face, to be sufficient to constitute a ground for vacating the final decree and proceeded to a determination whether a reconciliation did in fact occur, such a factual determination is binding on the appellate court (*Nemer* v. *Nemer*, 117 Cal.App.2d 35 [254 P.2d 661]; *Ruggles* v. *Bailey*, 15 Cal.App.2d 555 [59 P.2d 837]; *Slusher* v. *Slusher*, 85 Cal.App.2d 626 [193 P.2d 778]; *Small* v. *Small*, 123 Cal.App.2d 870 [268 P.2d 63]; *Nacht* v. *Nacht*, 167 Cal.App.2d 254 [334 P.2d 275]); and it is obvious from the holding of the court below that it disbelieved defendant, rejecting his assertion under oath as not being credible, and denied his motion for his failure to sustain the burden of proving that a reconciliation took place.

In their briefs both parties allude to considerable facts which are not disclosed by the record, including those contained in an affidavit filed by plaintiff in opposition to defendant's motion. Plaintiff, in her brief, refers at length to her counteraffidavit and its contents (R.R.B., p. 2, p. 6); defendant in his opening brief concedes that such an affidavit was filed by plaintiff and before the lower court, in his reference to the hearing on the motion and plaintiff's affidavit—that she "introduced nothing to controvert" defendant's affidavit and her "affidavit is evasive and insecure on its face." (A.O.B., p. 14.) While plaintiff's counteraffidavit was not included in the record before us, we do not doubt one was filed controverting defendant's assertions that the parties cohabited subsequent to the entry of the interlocutory decree; and defendant has not replied denying that one was filed or that it did not contain allegations opposed to his claim. However, defendant based his motion, as well, on all records, papers and files in the action, which, we may assume, the lower court had before it when deciding the matter; and from reference to it in her brief, the allegations of plaintiff's affidavit appear to be little different than those made under oath in her amended complaint for divorce under which she

was granted a decree—that "defendant has beaten plaintiff several times during their married life; that defendant has blackened plaintiff's eyes four times from such beatings, the last of which occurred in August, 1958, that since that date plaintiff has lived in a state of terror and has avoided defendant whenever possible . . . that in 1957 defendant strangled plaintiff rendering her unconscious . . . ." (Par. V.)

Plaintiff's outright unwillingness to have defendant in her home at any time, which could hardly show cohabitation let alone reconciliation, is reflected not only in the record before us and the prior opinion of this court (186 Cal.App.2d 825 [9 Cal.Rptr. 173]), but in defendant's own brief. They reveal plaintiff's continuous unsuccessful struggle to evict defendant from her home and avoid contact with him—the obtaining of an order to show cause and restraining order for his removal from the premises and her efforts to evict him, including his arrest and contempt proceedings for his failure to comply with the court's order. Defendant's own brief, as well, concedes this struggle and plaintiff's efforts to keep him out of her home, including his arrest for a violation of the court's order for his removal from the premises (A.O.B., pp. 4, 5), and her desire to evict him for reasons of her health and safety (A.O.B., p. 9).

The record shows a bitterly contested divorce case with numerous appearances and court proceedings, a recent and repeated course of physical violence that placed plaintiff in a state of fear and terror, a constant and continuous struggle to remove defendant from her home, an elderly woman, obviously without strength to forcibly evict defendant (approximately 10 years younger) and her permanent intention to avoid any contact with defendant. This showing is hardly compatible with any alleged fact of defendant's stay on the premises with plaintiff's consent, cohabitation, or cohabitation on a voluntary basis, let alone reconciliation with the necessary intent to forgive defendant's past conduct and restore him to full marital rights.

For the foregoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.