[Civ. No. 1521. First Appellate District.—September 26, 1914.]

## LOUIS D. STOFF, Respondent, v. IRMA M. ERKEN et al., Appellants.

DIVORCE—AGREEMENT ADJUSTING PROPERTY RIGHTS—VALIDITY WHEN EXECUTED DURING TRIAL.—An agreement by the parties to an action for divorce, made during the trial, that the case be submitted on the evidence then in, and that the husband abandon to the wife real estate standing in her name but claimed by him to be community property, upon her executing to him a mortgage on the property, is valid, and the mortgage becomes a proper subject of foreclosure upon default in payment.

ID.—CONSIDERATION FOR CONTRACT—WITHDRAWAL OF DEFENSE TO DIVORCE.—The rule that where an agreement between husband and wife is founded upon a consideration to withdraw or abandon a defense to a suit for divorce, or to do anything to facilitate procuring the same, it is illegal and void, is not applicable to such case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

James L. Nagle, and P. B. Nagle, for Appellants.

Louis H. Brownstone, for Respondent.

KERRIGAN, J.—This is an action by the plaintiff, the assignor of Charles H. Erken, to foreclose a mortgage on real property. Judgment went in favor of the plaintiff; and this appeal is from that judgment and from an order denying defendant's motion for a new trial.

There were two defenses interposed to the action: 1. That the defendant was induced to sign the note and mortgage by reasons of misrepresentations of Charles H. Erken, and 2. That defendant did not receive any consideration for the same. The only way in which it was sought to establish these defenses was by attacking the validity of a settlement of the property rights of the defendant and Charles H. Erken theretofore had in a divorce proceeding pending between them, in

which settlement the real property involved in the present
mortgage, although standing in the name of the defendant,
was claimed by Charles H. Erken to be community property,
but was abandoned to the defendant upon her executing the
note and mortgage in suit. The validity of that settlement
is the only question raised by the appellant in support of her
appeal.

Prior to the commencement of the present action the de-
fendant Irma M. Erken had filed a suit against her husband,
Charles H. Erken, for a divorce, alleging several grounds.
Erken answered, and also filed a cross-complaint alleging
cruelty and adultery. He also sought in a separate action,
but which was tried with the action for divorce, to have the
real property involved in the present suit, and which was
standing of record in the name of his wife, declared to be
community property. In due time an answer to the cross-
complaint was filed and the case went to trial. Plaintiff had
completed her case in chief, and the defendant had intro-
duced considerable testimony to sustain the allegations of his
answer and cross-complaint, when the trial of the case was
halted by negotiations of settlement of the property rights
of the parties. An agreement was reached and executed un-
der the terms of which the real estate above referred to was
agreed to be the property of the wife upon her executing to
the husband the note and mortgage in suit.

An epitome of the testimony on the subject is as follows:

Louis H. Brownstone, the attorney for Charles H. Erken in
the divorce suit, testified as to the agreement of settlement
between Erken and his wife. In his testimony he states that,
after the trial had been in progress two or three days and
during an adjournment, Mrs. Erken's attorney, Mr. Eisner,
called on him and discussed the testimony already intro-
duced; that he stated to Mr. Eisner that the real property
involved would undoubtedly under the evidence submitted in
the case be assigned to his client absolutely, the testimony
as to the wife's adultery being conclusive; that Mr. Eisner
practically admitted that such testimony was irrefutable.
Continuing, this witness stated: "Mr. Eisner at that time tried
to prevail on me to dismiss this charge of adultery and permit
Mrs. Erken to get a divorce on the ground of desertion, or
some such ground as that; but we absolutely refused to do

25 Cal. App.—34

anything except to submit the case on the testimony as it then stood. I told Mr. Eisner that I was satisfied that if the case was submitted as it then stood, or even if it went further, there wasn't any question about the fact that the judge would grant the divorce on the ground of adultery.''

Mr. Eisner also appeared as a witness and testified with regard to the settlement between Erken and his wife. He said: ''The action was to be submitted on the testimony then in. The cross-complaint was on the ground of adultery. The cross-complainant had put in quite a bit of evidence to sustain the charge. . . . It was then agreed that the case was to be submitted; and further it was to be conceded by the cross-complainant that the property was the separate property of Mrs. Erken. The note and mortgage for five thousand dollars was to be signed by Mrs. Erken. Then Charles Erken was to get the decree of divorce. The case was to be submitted to the court to make its ruling. It was assumed, however, from the evidence then in that the court could not rule otherwise than to give judgment to Charles H. Erken. . . . In the negotiations we asked for one-half the value of the property; we asked one-half in settlement. The cross-complainant through Mr. Brownstone refused to give one-half, and the matter was contested and was in court for a long time. As a counter-proposition and after some negotiations and after a number of meetings, Mr. Brownstone made the proposition for his client that they were willing to accept $5,000 and Mrs. Erken keep the property. . . . Mrs. Erken said 'Yes.' In that conversation we spoke purely, as I recall. it, about property rights.''

Under section 158 of the Civil Code a husband or wife may enter into any engagement or transaction with the other respecting property which either might if unmarried. The contract in this case seems free from any taint affecting its validity. True it has been repeatedly held that where an agreement between husband and wife is founded upon a consideration to withdraw or abandon a defense to a suit for divorce, or to do anything to facilitate procuring the same, it is illegal and void (*Loveren* v. *Loveren*, 106 Cal. 509, [39 Pac. 801]; *Beard* v. *Beard*, 65 Cal. 354, [4 Pac. 229]); but those cases have no application to the facts in this case; nor do we find that by the agreement of settlement complained of any fraud

was practiced upon the court, before which the divorce suit was tried.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 25, 1914.