[Civ. No. 14165. Second Dist., Div. Two. Dec. 21, 1943.]

Estate of FRANK O. BRIMHALL, Deceased. MARTHA BRIMHALL, Appellant, v. ORSON S. BRIMHALL, Respondent.

George W. Nilsson and Monta W. Shirley for Appellant.

Perry F. Backus for Respondent.

McCOMB, J.—This is an appeal from an order of the Superior Court of Los Angeles County, sitting in probate, denying appellant's petition for letters of administration of the estate of Frank O. Brimhall and granting the petition of Orson S. Brimhall for such letters.

The essential facts are:

Decedent died January 24, 1943. Appellant was his wife at the time of his death. Respondent is the father of decedent. On September 19, 1942, appellant and decedent entered into a property settlement agreement* which con-

---

*The agreement was as follows:

"This agreement made this 19th day of September, 1942, between Frank O. Brimhall and Martha Brimhall, hereinafter designated as the husband and the wife respectively,

"WITNESSETH:

"That whereas the parties hereto were lawfully married and now are husband and wife, and

"Whereas unhappy difficulties have arisen between said parties and they are now desirous of making a settlement of each and all of their property rights as between themselves, to the end that each of them may and will have and maintain his and her separate property and estate without let or hindrance from the other, and

"Whereas, there is now certain community property of these parties to wit: One Chevrolet Coupe, 1941 model, Engine No. AA958584 and 1941 License No. 57C474; 1942 Cover Plate, No. 1890680; and

"The household furniture and furnishings of the premises used as the home of these parties, being 1950 West 85th Street, Los Angeles, California; and, the interest of each of the parties hereto in the real property hereinafter described, and heretofore held by them in joint tenancy with each other, and as to the said properties it is agreed as follows:

"That from this date forth, the Chevrolet Coupe above mentioned shall be the separate property of the wife, and the real property hereinafter mentioned, and the interest of each of the parties as such interest as heretofore existed, shall from this date forth be and remain the separate property of the husband, and the husband shall relieve the wife from any and all indebtedness thereon. Each of the parties have this day executed the agreements and documents necessary to change the title

tained provisions that each of the parties waived any and all right ''to act as the administrator of the estate of the other.''

Appellant relies for reversal of the order of the probate court on three propositions, which will be stated and answered hereunder seriatim:

First: *The property settlement agreement between appellant and decedent was invalid for the reasons that (1) there was no meeting of the minds of the parties, (2) the wife had no independent legal advice prior to the execution of the agreement which was prepared by the husband and his attorney, and (3) there was a lack of consideration for the agreement.*

This proposition is untenable.

█ (1) Appellant testified that prior to the execution of the property settlement agreement she and her husband had domestic difficulties and he contemplated going into the Army; that she was employed but did not feel that she could keep up the payments on her home; that her husband suggested to her that they enter into a property settlement whereby she would convey her interest in their house to him and he would

---

of said properties as hereinabove required, and each agrees that he or she will in the future sign and deliver any agreement necessary to carry out the terms of this agreement.

''It is further agreed that each of the parties hereto do forever waive, discharge and release any and all obligations existing between them, excepting the obligations mentioned herein, and that any and all property of any kind or nature now in possession of, or hereafter acquired by either of the said parties, shall be the separate property of the party so holding or acquiring the same, and each of the said parties further waives any and all right to share in the estate of the other, or to act as the administrator of the estate of the other, it being the purpose and intent of this agreement that from this date henceforth, the respective rights of the said parties to the property or moneys of the other shall be the same as if the said parties had never at any time been married to each other.

''It is further understood by each of the parties hereto, that this agreement is not made with any intention that either of said parties may or shall obtain a divorce, and that the sole consideration for this agreement, is the transfer of property rights and the waiver claims of each against the other, if any there be, and not otherwise.

''This agreement shall inure to the benefit of the successors and assigns of the respective parties, and shall be binding on each and all thereof. FRANK O. BRIMHALL,
Husband.

MARY BRIMHALL,
Wife.''

make the payments which might thereafter become due upon it; and that because of these circumstances she had entered into the property settlement agreement.

She further testified regarding the agreement: "So I told him that was perfectly all right with me," and that she remembered reading the agreement before she signed it.

Clearly such testimony supports a finding that there was a mutual meeting of the minds of the parties to the agreement.

(2) It is an established rule in an action involving a transaction between a husband and his wife that if there is a finding, supported by substantial evidence, that a just and fair disclosure of all that the wife should know for her benefit and protection concerning the nature and effect of the transaction has been made to her, such finding dispels the presumption of undue influence which arises when the husband gains an advantage in a transaction with his wife. It is likewise established that if it is a fact that the transaction between the spouses is fair and just, and there has been a full and fair disclosure to the wife of all facts essential to her protection, it is not essential, in order to overcome the presumption that the husband has exercised undue influence over his wife, that there be evidence that she has received independent advice. (*Smith* v. *Lombard*, 201 Cal. 518, 524 [258 P. 55].)

In the instant case there is substantial evidence to sustain the probate court's implied finding that appellant knew of all facts necessary for her protection prior to the time that she executed the property settlement agreement; that she executed the agreement with full knowledge of its contents; and that her husband did not take an unfair advantage of her. For example, appellant testified that she received the automobile and other property referred to in the agreement which was to be her separate property.

(3) The property settlement agreement was supported by a consideration. The rule is established that a written instrument is presumed to be supported by a consideration. (Sec. 1614, Civ. Code; sec. 1963, subd. 39, Code Civ. Proc.) This presumption constituted substantial evidence to sustain the trial court's implied finding that the property settlement agreement was supported by a good and sufficient consideration.

Second: *That the property settlement agreement was*

*terminated because subsequent to the execution thereof appellant and her husband cohabited as husband and wife.*

This proposition is also untenable. The law is established in California that a husband or wife may enter into any transaction with the other respecting property the same as if they were unmarried, subject to the general rules which control the actions of persons occupying confidential relations with each other. (Sec. 158, Civ. Code; *Stoff* v. *Erken,* 25 Cal.App. 528, 530 [144 P. 312].)

There was a clause in the agreement which read thus:

"It is further understood by each of the parties hereto that this agreement is not made with any intention that either of said parties may or shall obtain a divorce, and the sole consideration for this agreement is the transfer of property rights and the waiver of claims of each against the other, if any there be, and not otherwise."

It is evident that the agreement dealt solely with the property rights of the parties and did not contemplate a separation or divorce between them. Hence it was entirely immaterial, so far as this case is concerned, as to the status of their personal relations.

The cases of *Brown* v. *Brown,* 170 Cal. 1 [147 P. 1168]; *Peters* v. *Peters,* 16 Cal.App.2d 383 [60 P.2d 313], and *Mundt* v. *Connecticut Gen. Life Ins. Co.,* 35 Cal.App.2d 416 [95 P.2d 966], which are relied upon by appellant, are inapplicable to the facts of the present case because in the cited cases the property settlement agreements were executed in contemplation of the parties obtaining divorces, and subsequent to the execution of such agreements the parties effected reconciliations. It was held in substance that the property settlement agreements were ineffective because the parties by their conduct, subsequent to the execution of such agreements, had abandoned them. In the instant case the facts are different. As indicated above, the property settlement agreement was not made in contemplation of the parties' obtaining a divorce or separating.

Third: *That appellant was entitled to be appointed administratrix because the household furniture was community property and had not been disposed of by the property settlement agreement.*

This proposition is likewise untenable. The evidence discloses that from on or about October 4, 1942, when appellant's husband went into the Army, until the time of his

death, the parties lived separate and apart. The property settlement agreement provided "that any and all property of any kind or nature *now in possession of,* or hereafter acquired by either" of the parties to the agreement shall be "the separate property of the party so holding or acquiring the same." Therefore, it is clear that at the time of decedent's death there was not any community property in decedent's possession and thus none in his estate.

For the foregoing reasons the order is affirmed.

Moore, P. J., concurred.

WOOD (W. J.), J.—I concur. Appellant waived the right to act as administratrix when she signed the property settlement agreement. If it could be established that the parties failed to divide community household furniture, such failure would not revive her right to letters of administration.