[Civ. No. 17384.   Second Dist., Div. One.   May 19, 1950.]

SIDNEY ALLEN CROSSLEY, Respondent, v. MYRTLE CROSSLEY, Appellant.

Krag & Sweet and Charles R. Hand for Appellant.

Hahn, Ross, Goldstone & Saunders for Respondent.

DRAPEAU, J.—Plaintiff and defendant were married March 28, 1942. It was a stormy marriage. They would quarrel and one would leave the other; then they would make up and resume marital relations. Once their disagreement went so far that defendant got a divorce from plaintiff. But they made it up once more. Finally came the last quarrel, and they separated for good September 2, 1947.

At the time of the marriage plaintiff owned nine liquor stores—or, rather, California cocktail bars or cafés, where liquor is served and sold, state law requiring that food also be served. The cafés were good money makers, especially during the second World War.

The husband and wife entered into two property settlement agreements. The first agreement was terminated by mutual consent and agreement just after the divorce and reconcilement above mentioned. Whether the second agreement is valid and binding is the principal question in this appeal.

Plaintiff brought his action for divorce; defendant cross-complained; trial was had for a number of days; the court found mental cruelty of the plaintiff toward the defendant, and awarded her a divorce on her cross-complaint. No one complains of this.

The court found further that the second property agreement was valid and binding; that it was not the result of fraud or duress of plaintiff to defendant, and that she was not entitled to support and maintenance. Interlocutory judgment followed accordingly.

Defendant appeals from those portions of the interlocutory judgment as to the property agreement, as to support and maintenance denied defendant, and, on the ground of inadequacy, as to $3,500 for her counsel fees.

In support of her contention that the property agreement was procured by fraud and duress defendant argues: That she and her husband lived together without the formality of a marriage ceremony from September 29, 1940, until their marriage in 1942; that the plaintiff had an infant daughter by a prior marriage, about eight months old when the parties began to live together; and that defendant always gave to this child care, and love, and affection. She also contends that she was coerced into signing the property agreement by threats of plaintiff that he would take the child away from her, and by her desire to maintain a home and peaceable relations with him. Such threats were denied by plaintiff. And there is no persuasive evidence of fraud or misrepresentation in the inception of the contract.

At the time they began to live together, the plaintiff had four cafés and two parcels of real property. When they were married he had acquired five additional cafés and one additional parcel of real property. There's no doubt that the wife helped her husband in every way. While he was away in the armed services she took charge of the business; at all times

she took an active part in it. In fact it is not an unreasonable inference to draw from the testimony that she was as good, if not a better ''businessman'' than he was.

In addition to fraud and duress, defendant asserts that the property agreement was discharged and cancelled by an executed oral agreement; that in equity she is entitled to a share of the property acquired both before and after the marriage; and that several transactions between her and her husband, in which she claims a balance was due to her, were not taken into account by the trial court.

The findings which led to the judgment relative to the property agreement are supported by substantial evidence, and are, therefore, conclusive on this appeal. (*Powell* v. *Pacific Electric Railway Co.*, 35 Cal.2d 40 [216 P.2d 448].)

The property agreement was fair and reasonable, considering the circumstances of the parties. It was entered into in good faith, and the wife knew as well as her husband what its terms and its effects were. She also knew how to terminate it, had she so desired. She managed at all times the property given her by the agreement, and the trial court properly found that she was bound by it.

The fact, standing alone, that the husband and wife in this case resumed marital relations, does not terminate the property agreement. (*Estate of Brimhall*, 62 Cal.App.2d 30 [143 P.2d 981].)

Having come to this conclusion, the defendant's rights to maintenance and support are included within the terms of the property agreement.

Assuming, without deciding, that the trial court had power to allow counsel fees, the amount found was well within its discretion.

And the evidence supports the implied finding that there was no balance due from plaintiff to defendant upon termination of the marriage.

Purported appeals from the order denying a motion for a new trial, and from an order denying entry of another and different judgment are dismissed. The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied June 13, 1950, and appellant's petition for a hearing by the Supreme Court was denied July 13, 1950.