Filed 1/20/23 Marriage of Dolkhani and Izadpanahi CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

|  |  |
|---|---|
| In re Marriage of NAHID H. DOLKHANI and KOUROSH IZADPANAHI. | B314257<br><br>(Los Angeles County Super. Ct. No. 18CHFL02540) |
| NAHID H. DOLKHANI,<br><br>Respondent.<br><br>v.<br><br>KOUROSH IZADPANAHI,<br><br>Appellant, |  |

APPEAL from a judgment of the Superior Court of Los Angeles County, Sarah J. Heidel, Judge. Affirmed.

Kourosh Izadpanahi, in pro. per., for Appellant.

Ferguson Case Orr Paterson and Wendy C. Lascher for Respondent.

————————————

In 2017 Kourosh Izadpanahi and Nahid Dolkhani resolved outstanding issues in their long-pending family law case, which Izadpanahi had initiated in 2010, through a stipulated judgment. Before the stipulated judgment was entered as a family court judgment, Izadpanahi and Dolkhani agreed to try to reconcile; the action was dismissed without prejudice. The attempted reconciliation was short-lived. In 2018 Dolkhani filed a new dissolution petition. She also filed a request for order to enforce the terms of the parties' stipulated judgment. The family court ruled the stipulated judgment was a binding contract and thereafter entered a judgment of dissolution incorporating its terms. Izadpanahi has appealed, arguing the stipulated judgment did not survive dismissal of the first action and could not be enforced. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *The Initial Family Law Proceedings, Stipulated Judgment and Attempt at Reconciliation*

Izadpanahi and Dolkhani married on September 23, 2005. They had one child, born several weeks before Izadpanahi, on December 9, 2010, filed a petition seeking an order for joint physical and legal custody of the infant.[1] On May 5, 2014 Dolkhani filed a response to the petition and request for dissolution of marriage, citing December 1, 2013 as the parties' date of separation.

In May 2017 Izadpanahi and Dolkhani agreed to a stipulated judgment, stating in paragraph 5.04 their intent to

---

[1] We grant Izadpanahi's request for judicial notice of documents from the parties' initial family law case. (Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)

"make a complete and final settlement of their rights and obligations pertaining to support; identification, characterization and confirmation of the parties' respective community and separate property interest; custodial issues relating to the minor children; and any matters over which a Court of competent jurisdiction shall retain jurisdiction." Paragraph 20.10 of the stipulated judgment provided, "The agreement of the parties, as evidenced by this Stipulated Judgment, shall be effective immediately upon execution . . . by Petitioner and Respondent" and "may only be modified by written agreement executed by both parties or by a Court of competent jurisdiction." Contemplating a possible effort to reconcile, the stipulated judgment also provided in paragraph 20.03, if there was "a reconciliation of the parties hereto after the effective date of this Stipulated Judgment, this Stipulated Judgment shall nevertheless continue in full force and effect as an Agreement of the parties until it is modified or abrogated by another written instrument to that effect signed by both parties."

The stipulated judgment was submitted to the family court. Before it was entered as a judgment by the court, however, the parties agreed to attempt to reconcile and asked for the stipulated judgment's return without the court's signature. The court returned the stipulated judgment as requested.[2] The case was dismissed without prejudice on November 23, 2017.

---

[2] A minute order dated November 16, 2017 states, "On November 8, 2017, Counsel for Respondent informed the clerk a proposed judgment had been submitted to the court which he would like returned. The judgment was still awaiting signature and it is returned. Parties have agreed to dismiss the case and a dismissal will be filed forthwith."

## 2. *The New Dissolution Petition and Enforcement of the Stipulated Judgment*

On December 28, 2018 Dolkhani filed a new petition for dissolution of the marriage. The following day Dolkhani filed a request for order seeking entry of judgment "in accordance with written agreement of the parties" or, alternatively, to "bifurcate the issue of the validity and enforceability of the 2017 Stipulated Judgment."[3] Izadpanahi filed a responsive declaration, contending "the stipulated judgment presented to the court . . . was attached to, prepared for and intended solely for a prior case which was dismissed by the parties by mutual agreement and upon reconciliation. On its face, the document makes several references to the prior case. By operation of the law, the document is void."

On July 7, 2021 the court held a short cause trial on the issue whether judgment could be entered based on the parties' 2017 stipulated judgment. Izadpanahi and Dolkhani were each represented by counsel, who submitted trial briefs. Following argument, the family court ruled the stipulated judgment entered before the dismissal was still binding. Explaining its ruling, the court stated the parties had entered a marital settlement agreement, which they "called a stipulated judgment." "If the parties had intended a written abrogation of the reconciliation provision or [of] the parties' agreement that was memorialized in the stipulated judgment," the court continued, "then they needed to say that. They needed to do more than just dismiss the case without any additional language." Having failed to do so, the

---

[3]     Dolkhani attempted to revise the stipulated judgment to include the new case number and to reflect Dolkhani's status as petitioner. Izadpanahi did not agree to the revisions.

court ruled, the parties' agreement was intended to be binding, and "the marital elements of that agreement are enforceable."

The court directed Dolkhani to submit a proposed judgment to Izadpanahi for review and thereafter to submit it to the court for entry. The judgment of dissolution incorporating the terms of the stipulated judgment was entered on September 30, 2021.[4]

## DISCUSSION

Izadpanahi presents several related arguments to support his contention the family court erred in ruling the 2017 stipulated judgment was, in effect, a marital settlement agreement that survived dismissal of the initial family law proceedings. None has merit.

1. *The 2017 Stipulated Judgment Was Not Merged into a Family Court Judgment*

Izadpanahi initially contends the parties' agreement, when submitted to the court for filing in the form of a stipulated judgment, "merged with and was incorporated in the judgment of dissolution." This argument misapprehends the merger doctrine.

Izadpanahi is correct that, if the parties' settlement agreement is incorporated into a judgment of dissolution, the "separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such." (*In re*

---

[4] Izadpanahi filed his notice of appeal on July 7, 2021 following the court's order finding the stipulated judgment enforceable. We treat the premature notice of appeal as timely filed. (See Cal. Rules of Court, rule 8.104(d)(2) ["[t]he reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment"].)

5

*Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1220; accord, *Hough v. Hough* (1945) 26 Cal.2d 605, 609; see also *Flynn v. Flynn* (1954) 42 Cal.2d 55, 58 ["[m]erger is the substitution of rights and duties under the judgment or the decree for those under the agreement or cause of action sued upon"].) But simply filing a stipulated judgment signed by the parties, as was done here, does not result in a merger.[5] Rather, merger occurs when the stipulated judgment becomes a judgment of the family court—that is, when it is signed and filed by the court. (See Cal. Rules of Court, rule 5.411(a) ["[a] stipulated judgment . . . may be submitted to the court for signature as an uncontested matter or at the time of the hearing on the merits and must contain the exact terms of any judgment proposed to be entered in the case"]; see also *Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 152 ["[i]n a court trial, rendition of judgment occurs when the court signs and files the findings, conclusions and the judgment"].)

Here, although the parties initially intended their agreement resolving outstanding issues, presented to the court in the form of a stipulated judgment, would become the judgment of dissolution in the initial family law case, there never was a court judgment and, accordingly, no merger because the parties dismissed the case before the court acted. Moreover, the dismissal was expressly without prejudice. As such, it did not affect the rights of the parties and did not terminate the parties' agreement by operation of law, as Izadpanahi suggests. (See

---

[5] "The question of whether or not a property settlement agreement is incorporated into a divorce decree so as to merge therein is one of law." (*Mitchell v. Marklund* (1965) 238 Cal.App.2d 398, 403; accord, *Biagi v. Biagi* (1965) 233 Cal.App.2d 624, 628.)

*Wilkins v. Wilkins* (1950) 95 Cal.App.2d 611, 613 ["[t]he term 'without prejudice,' in its general adaptation, means that there is no decision of the controversy on its merits, and leaves the whole subject in litigation as much open to another application as if no suit had ever been brought"]; *Fleishbein v. Western Auto Supply Agency* (1937) 19 Cal.App.2d 424, 427 ["[d]ismissals of actions without prejudice ordinarily indicate that such judgments of dismissal affect no right or remedy of the parties and that there has been no decision of the case upon the merits"].)

2. *Under Governing Principles of Contract Interpretation, the Stipulated Judgment Was Effective Unless Modified or Revoked by the Parties*

Even if not terminated by operation of law with the dismissal of the initial family law case, Izadpanahi contends by its own terms the stipulated judgment was not intended to have any effect following that dismissal. This argument fundamentally misconstrues the document's operative language.

"A stipulated judgment constitutes a written agreement between the parties as to all matters covered by the stipulation." (Cal. Rules of Court, rule 5.411(b).) Such agreements, if not merged into an interlocutory or final judgment, "are enforceable as a contract." (*In re Marriage of Jones* (1987) 195 Cal.App.3d 1097, 1104; see Fam. Code, § 2128, subd. (b) ["[n]othing in this chapter changes existing law with respect to contract remedies where the contract has not been merged or incorporated into a judgment"].)

Like all contracts, a marital settlement agreement "must be analyzed and interpreted in light of the parties' mutual intent and according to statutory requirements for the interpretation of contracts." (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504,

7

522; see *In re Marriage of Schu* (2014) 231 Cal.App.4th 394, 399 ["[w]e construe a marital settlement agreement that is incorporated into a stipulated judgment under the general rules governing the interpretation of contracts"]; *In re Marriage of Gowan* (1997) 54 Cal.App.4th 80, 87 ["[w]e agree that the stipulation must be analyzed in light of the parties' intent and according to statutory requirements for contract interpretation"].) Absent any conflict in extrinsic evidence, we review de novo issues regarding the proper interpretation of a contract. (See *City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395; *Garcia v. Truck Ins. Exchange* (1984) 36 Cal.3d 426, 439; *Gilkyson v. Disney Enterprises, Inc.* (2021) 66 Cal.App.5th 900, 915.)

"Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. [Citations.] In determining this intent, '[t]he rules governing policy interpretation require us to look first to the language of the contract in order to ascertain its plain meaning or the meaning a layperson would ordinarily attach to it.'" (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 288; accord, *Wind Dancer Production Group v. Walt Disney Pictures* (2017) 10 Cal.App.5th 56, 69 ["[w]e ascertain "'the intent and scope of [an] agreement by focusing on the usual and ordinary meaning of the language used and the circumstances under which the agreement was made"'"].)

The stipulated judgment unequivocally stated the parties' intent that their agreement to resolve outstanding issues would remain in effect in the event they reconciled unless they agreed

in writing to modify or revoke it.[6]  As discussed, paragraph 20.03 provided, "If there should be a reconciliation of the parties hereto after the effective date of this Stipulated Judgment, this Stipulated Judgment shall nevertheless continue in full force and effect as an Agreement of the parties until it is modified or abrogated by another written instrument to that effect signed by both parties."  The parties did reconcile (or, at least, attempted to do so) after the stipulated judgment's effective date.  There was no written instrument rescinding the agreement or modifying its terms.  Because neither party presented any extrinsic evidence to suggest paragraph 20.03 meant something other than what it actually said, the family court properly ruled it should be enforced.[7]

---

[6]  As the family court explained at trial, "These parties were always reconciling.  I mean, that was part of this deal. . . .  I think without spending too much time looking at extrinsic evidence, I think that the evidence would tend to show that there was a long history of these parties trying to reconcile.  So that is a significant inclusion."

[7]  Izadpanahi acknowledges no parol evidence was presented and argues, correctly, "[i]t is the plain language of the document that governs its interpretation."  Yet in his reply brief Izadpanahi suggests for the first time his due process rights were violated because the family court stated the question of the continuing enforceability of the stipulated judgment was a legal, not a factual, matter and did not allow live testimony or additional evidence at the short cause trial on July 7, 2021 as required by Family Code section 217 and California Rules of Court, rule 5.113.  Izadpanahi did not make this objection in the family court, and he failed to include the argument in his opening brief.  It has been forfeited on appeal.  (See *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 117 ["party who fails to raise

Notwithstanding paragraph 20.03, Izadpanahi contends the stipulated judgment was "expressly limited to the original case" because it identified the family court case number, provided that court retained jurisdiction to make all orders necessary to enforce the terms of the stipulated judgment and contained no severability clause. That the court in the original proceedings no longer had jurisdiction after the case was dismissed is technically correct but without significance. The family court in the case at bar did not enforce the stipulated judgment pursuant to a reservation of jurisdiction but on the basis the document was "a contract between the parties that they had negotiated and entered into." As the court explained, "I don't think this is an issue of jurisdiction at all. I'm not reaching back . . . and saying I'm enforcing a judgment . . . . I think the issue is whether or not that is an agreement that this court can enforce in this new matter, in which it does have jurisdiction."

*In re Marriage of Daly & Oyster* (2014) 228 Cal.App.4th 505 is instructive.[8] In that case the parties entered into a stipulated judgment with the intention it would be "'conformed as a Stipulated Judgement [*sic*] of the court.'" (*Id.* at p. 508.) However, the stipulated judgment was never filed, and the family court dismissed the petition for lack of prosecution. A second dissolution petition was filed, and the family court concluded the

an issue in the trial court has therefore waived the right to do so on appeal"]; see also *In re Marriage of Brandes* (2015) 239 Cal.App.4th 1461, 1484, fn. 10 ["'appellant's failure to raise an argument in the opening brief waives the issue on appeal'"].)

[8] We deny as unnecessary Izadpanahi's request to take judicial notice of documents filed in the family court in *In re Marriage of Daly & Oyster*, *supra*, 228 Cal.App.4th 505.

prior stipulated judgment was an enforceable marital settlement agreement.  In affirming the judgment the court rejected the argument "a stipulated judgment created only for one case cannot become the basis for a judgment in a subsequent case," holding "nothing in the record suggests the stipulated judgment here was intended to be limited to the original divorce proceedings."  (*Id*. at pp. 511-512.)

Izadpanahi's argument the written request for dismissal was an express abrogation of the stipulated judgment is similarly unpersuasive.  The dismissal was not signed by Dolkhani, and, as the family court noted, "doesn't state that it will unravel or undo the terms that the parties already agreed to."  Far more was required:  "[I]t is well settled that proof of reconciliation alone does not abrogate the agreement [citation].  To avoid the contract on this basis, there must be a clear indication that by reconciling the parties intended to annul the agreement and restore their earlier property rights.  Such intent can be proven, for example, by the destruction of the document containing the agreement, execution of reconveyances or restoration of the control of the property to one who formerly exercised it." (*In re Marriage of Broderick* (1989) 209 Cal.App.3d 489, 497-498; see also *In re Marriage of Daly & Oyster*, *supra*, 228 Cal.App.4th at p. 512 ["[n]othing suggests the parties here intended that separation and independence not occur—and the settlement agreement become null—if the divorce took longer than five years"]; *Crossley v. Crossley* (1950) 97 Cal.App.2d 627, 629 ["[t]he fact, standing alone, that the husband and wife in this case resumed marital relations, does not terminate the property agreement"].)

### 3. *Dolkhani's Acquisition of Additional Property Did Not Render the Parties' Stipulated Judgment Unenforceable*

Finally, Izadpanahi argues additional community property was acquired between 2017 and Dolkhani's 2018 filing of her petition for dissolution and, therefore, the 2017 stipulated judgment "could not divide the community assets entirely." Izadpanahi does not explain why a binding agreement that covers most of the parties' assets and liabilities is rendered unenforceable because there are additional, after-acquired assets that need to be considered separately. If properly characterized as community property, the judgment of dissolution could have included division of the property or an offsetting payment, as well as all the terms of the 2017 stipulated judgment.

Aside from this fundamental flaw, Izadpanahi did not include the property he refers to—real estate in Calabasas acquired by Dolkhani after the 2017 stipulated judgment was executed—on his schedule of assets and debts (Judicial Council form FL-142) prepared under penalty of perjury in July 2019 in the case at bar; and the record includes an interspousal individual grant deed, as well as a quitclaim deed, signed by Izadpanahi, confirming the Calabasas property as the sole, separate property of Dolkhani. That characterization is fully consistent with the 2017 stipulated judgment, which provided in paragraphs 11.01 and 11.02 that "[a]ll post separation earnings, accumulations and investments" acquired by either party after the effective date of the agreement would be separate property. The court properly excluded this real estate from its final judgment of dissolution.

## DISPOSITION

The judgment is affirmed.  Dolkhani is to recover her costs on appeal.


PERLUSS, P. J.

We concur.


SEGAL, J.


FEUER, J.