[Civ. No. 19759. Second Dist., Div. Three. Mar. 16, 1954.]

LEO R. SMALL, Appellant, v. RUTH J. SMALL, Respondent.

Robert E. Austin and John N. Helmick for Appellant.

Paul E. Gervais and Porter C. Blackburn for Respondent.

WOOD (Parker), J.—Plaintiff appeals from an order denying his motion for a final judgment of divorce.

In 1949 plaintiff commenced an action for divorce. Defendant filed an answer to the complaint, and also filed a cross-complaint for separate maintenance. On January 31, 1950, after a trial, an interlocutory decree of divorce was granted to plaintiff; defendant was awarded custody of the two minor sons, 18 and 20 years of age; plaintiff was ordered to pay to defendant $120 a month for the support of said minors; and it was ordered further that a property settlement agreement theretofore entered into between the parties "be not set aside." In August, 1950, plaintiff returned to defendant's home and resided there until September, 1952, when he moved to another dwelling place. On October 20, 1952 (after one son had become 21 years of age), defendant made an application for modification of the order for support of the other son. On November 17, 1952, pursuant to stipulation, the court modified said order by directing plaintiff to pay $100 a month, during the school term, for support of the minor son. On December 4, 1952, plaintiff filed a notice of motion for a final judgment of divorce. He also filed his affidavit in support of the motion. On December 12, 1952, defendant filed a notice of motion to dismiss the divorce action on the ground that the parties had become reconciled. She also filed her affidavit and four other affidavits in support

of her motion. Thereafter plaintiff filed his affidavit in opposition to her motion to dismiss the action, and defendant filed her affidavit in opposition to his motion for final judgment of divorce. The motions were referred to a court commissioner for hearing and for findings and recommendations thereon. The motions were submitted upon the affidavits on file and the arguments of counsel.

The findings of the commissioner were, in part, that during August, 1950, the parties became reconciled; that the reconciliation was complete in every respect; that the parties occupied the same bedroom and cohabited; that the reconciliation was entered into for permanency and 'there was mutual condonation of past offenses by both parties. The recommendations were: "Motion for final judgment of divorce is denied. Motion to dismiss the action herein is denied. There was a bonafide reconciliation and condonation of past offenses followed by the restoration of the plaintiff to all marital rights, with the intention that thenceforth the plaintiff and the defendant should live together as husband and wife and they did so live together as husband and wife from August 1950 to Sept. 1952." The court made its order, based upon said findings and recommendations, that plaintiff's motion for final judgment of divorce is denied, and defendant's motion to dismiss the action is denied.

Appellant contends that the agreement for a reconciliation was conditional, and that the court erred in denying his motion for a final decree of divorce.

The statements in the affidavits regarding reconciliation were conflicting. Appellant, in his affidavit in support of his motion for final judgment, stated in part that: in August, 1950, defendant invited him to call upon her to discuss a reconciliation; he called upon defendant and they discussed their relationship; it was agreed that plaintiff would occupy a room in defendant's home for the purpose of ascertaining whether it would be possible for the parties to become fully reconciled, that the arrangement was temporary, and that it should not affect their legal relations unless they determined that it was possible for them to be happy together; said relationship continued until September, 1952; defendant did not at any time during said period have an intention of assuming a relationship of affection but enticed plaintiff to come into her home with the hope of being able to gain financial advantage therefrom; since the interlocutory decree the parties have not cohabited; about September 1, 1952,

defendant treated him in such a vicious manner that he could no longer remain in her home, and he has lived at other places since that time. In his affidavit in opposition to defendant's motion to dismiss the action, appellant stated in part that: at the time the parties discussed a reconciliation, defendant promised that she would treat him in a kind manner; defendant said that if he was dissatisfied that she would give him his freedom whenever he wanted it; upon said terms he returned, intending to do everything he could to reestablish a home with defendant, and he announced to everyone that he expected to spend the rest of his life with her; defendant did not live up to her promises, but abused plaintiff; she insisted that they sleep in different rooms; plaintiff continued to reside with defendant and delivered his paycheck to her; defendant became more disagreeable toward plaintiff and on September 1, 1952, when he questioned one of their sons regarding an automobile accident, she ordered him to leave her home.

Defendant, in her affidavit in support of her motion to dismiss the action, stated in part that: upon her invitation, plaintiff called upon her to discuss a reconciliation; at that time they agreed to resume a marital relationship, and that such arrangement would be permanent; plaintiff returned to her home and resumed marital relations with her, occupying the same bed and cohabiting with her at all times during the period between August, 1950, and September, 1952; in September, 1952, while their minor son was under the care of a doctor, the plaintiff was cross-examining the son (regarding an automobile accident), and defendant asked plaintiff not to talk to the son in that manner; plaintiff continued his abuse of the son, and she said that plaintiff could leave if he was going to continue to injure the son's health. In her affidavit in opposition to plaintiff's motion for final judgment of divorce, defendant stated in part that: it was the understanding of the parties at the time of the reconciliation in August, 1950, that they would live together as a trial reconciliation and "that when it was time for the final decree they would decide if the reconciliation should continue"; on February 1, 1951, she asked plaintiff what he was going to do about the divorce and he stated that he was going to do nothing, whereupon she said that it was not fair to hold the divorce over her head, and she asked him if he was happy; he said, "Yes, I am happy as long as things continue

as they are''; since that time he has refused to dismiss the action and has threatened to get a final decree of divorce unless defendant agreed to all his demands; defendant has lived up to her promises; they shared the same bed until both parties agreed that they could sleep better if they occupied twin beds in the same room; during the time of the reconciliation defendant operated a café and at all times contributed large sums of money for the support of plaintiff, defendant and the children; she expended large sums of money upon the express agreement that their differences were reconciled and the divorce action would be dismissed; plaintiff did not use his funds, except that for the last six months of the reconciliation he gave her $50 a month as part of the rent.

Affidavits of three sons of the parties, filed in support of defendant's motion to dismiss the action, recited in part that: after plaintiff returned home to live with defendant he continually stated that he had returned home to stay and permanently resume marital relations with defendant; since the reconciliation defendant treated plaintiff with great love and affection.

As above stated, appellant contends that the agreement for a reconciliation was conditional. ■ Whether the agreement was conditional was a question of fact to be determined by the trial court. (See *Angell* v. *Angell*, 84 Cal.App.2d 339, 343 [191 P.2d 54].) As above stated, the motions were submitted upon affidavits. ■ When an issue of fact has been submitted to a trial court upon affidavits, and an appeal has been taken from the order therein, an appellate court is governed by the same rule that applies when such an issue has been submitted upon oral testimony, and if there is a substantial conflict in material statements in the affidavits the determination of the factual issues by the trial court is conclusive on appeal. (See *Doak* v. *Bruson*, 152 Cal. 17, 19 [91 P. 1001]; *Brainard* v. *Brainard*, 82 Cal.App.2d 478, 480-481 [186 P.2d 990]; *Wolfson* v. *Haddan*, 105 Cal.App.2d 147, 149 [233 P.2d 145].) In the present case there were many substantial conflicts in the statements in the affidavits with respect to material matters. ■ ''Where, after the entry of an interlocutory decree, events occur to change the status or relation of the parties, such as condonation and a resumption of the marital relation, the entry of the final decree is not a ministerial act; it becomes a judicial act in the performance of which the trial court has a broad dis-

cretion." (*Nemer* v. *Nemer*, 117 Cal.App.2d 35, 38 [254 P.2d 661].) The trial court herein found, among other things, that there was a bona fide reconciliation and condonation with the intention that thenceforth the parties should live together as husband and wife, and that they did so live together thereafter about two years. The evidence supports the findings and the order denying the motion for a final judgment.

Appellant asserts further, in effect, that the superior court's recognition of the interlocutory decree by modifying it to require him to pay more for the support of a son, and that court's refusal to recognize it as the basis for a final decree, are inconsistent positions with reference to the validity of the interlocutory decree, and the result is that his status under that decree is uncertain. The order modifying the order for support of the minor was made upon stipulation prior to the filing of the motion for final judgment. That order and the order denying the motion to dismiss the action are not involved on this appeal. The appeal herein presents only the question as to the sufficiency of the order denying the motion for final judgment.

The order denying the motion for a final judgment of divorce is affirmed.

Shinn, P. J., and Vallée, J., concurred.