[Civ. No. 20332. Second Dist., Div. Three. Dec. 27, 1954.]

BESSIE LEE KNOX, Respondent, v. LAWRENCE M. KNOX, Appellant.

Lawrence M. Knox, in pro. per., for Appellant.

J. B. Tietz and Edward Raiden for Respondent.

SHINN, P. J.—In this action for divorce the court made an order on October 18, 1951, requiring defendant to pay certain support money, medical and other expenses and attorney's fees for the plaintiff's benefit. Thereafter execution was issued to enforce payment of certain accumulated funds. Twelve hundred seventy-five dollars had accrued as support money. Defendant does not question the issuance of the execution for this amount. The court also determined that $1,370 was due and unpaid for medical treatment and care under the original order and issued execution for this amount. Defendant appeals from this order and from a later order denying his motion to recall the execution. Mrs. Knox passed away November 2, 1953. Lawrence L. Knox, as special administrator, has been substituted as plaintiff.

The writ in question was ordered issued October 7, 1953, on motion of plaintiff after notice to the defendant. The evidence consisted of affidavits in support of the motion and in opposition thereto. Defendant's principal contention is that the medication and medical services for which the charges were made were unnecessary, excessive and unauthorized. Defendant is a physician and while the parties were living together he rendered to his wife such medical care as she required. After the separation plaintiff was under the care of a Dr. Loomis. The order of October 18, 1951, was entered pursuant to stipulation of the parties. The order read in part: "Defendant shall make arrangements that Plaintiff may go to Dr. Loomis and he will take care of any medical expenses that Dr. Loomis may think necessary." Plaintiff received a great deal of medication. Defendant asserted by affidavit at the hearing that the medicines used by plaintiff were deleterious, unnecessary, were used in excessive quantities, and that their use was ill-advised. He asserted also that he had not been kept informed as to medication prescribed for and used by plaintiff. Dr. Loomis made affidavit to the effect that plaintiff required constant medication and care and would have such need for the remainder of her life; that she had been taking medicines prescribed by defendant and that he (Dr. Loomis) considered it necessary that the same should be continued indefinitely. It appeared from plaintiff's affidavits that the money spent and indebtedness incurred for medicines and medical treatment amounted to $1,623.95. After considering the evidence, the court fixed the amount at $1,370. This determination was made upon conflicting evidence consisting largely of the opinions of

defendant and of Dr. Loomis with respect to the necessity for the treatment.

 Where the trial court has decided questions of fact on conflicting evidence, a reviewing court may not make a reexamination of the same questions, and the rule is the same where the evidence before the trial court was in the form of affidavits. (*Small* v. *Small*, 123 Cal.App.2d 870 [268 P.2d 63]; *Hayutin* v. *Rudnick*, 115 Cal.App.2d 138 [251 P.2d 707].) We may only inquire whether there was substantial evidence to justify the factual conclusions of the trial court. It is clear that the court had before it evidence which, if deemed trustworthy, was sufficient to justify the order for the execution.

The order for execution was appealable. No appeal lies from an order refusing to vacate an order which is subject to appeal where the application to vacate presents only the questions that were decided originally. (*Sharpe* v. *Sharpe*, 55 Cal.App.2d 262, 265 [130 P.2d 462]; 3 Cal.Jur. 2d, p. 491.) Defendant's motion to vacate sought only a reexamination of the matters that had been decided on the motion for issuance of execution.

The order for issuance of execution is affirmed. The appeal from the order denying motion to recall the execution is dismissed.

Wood (Parker), J., and Vallée, J., concurred.