[Civ. No. 19539.   First Dist., Div. Two.   Feb. 23, 1961.]

HELEN M. SELL, Plaintiff, v. MARK E. SELL, Appellant.

Russell B. Gall for Appellant.

Charles J. Barry and Newell C. Barnett, for Allan Cranston, as State Controller, as Amici Curiae on behalf of Plaintiff.

STONE, J. pro tem.*—This is an appeal from an order denying defendant-appellant's motion to vacate and set aside interlocutory and final decrees of divorce.

Defendant's wife secured an interlocutory decree of divorce April 23, 1957. The plaintiff wife owned the family home and defendant remained there for three weeks after the interlocutory had been entered. He then moved into separate quarters, but after two months returned to the family home. Defendant

*Assigned by Chairman of Judicial Council.

and his wife continued to live together without incident for approximately 20 months, when defendant accused one Elizabeth Griffith of taking $7,000 from his wife. An altercation ensued between defendant and Mrs. Griffith and as a result defendant was placed in custody for 30 days upon a charge of assault. While defendant was in custody, Elizabeth Griffith called the wife's attorney, requesting him to enter the final decree of divorce. The attorney, however, first telephoned the wife and questioned her about the reconciliation since he knew that she and defendant had lived together after the entry of the interlocutory. The wife's attorney testified:

"MR GALL: Q. Did you talk to Mrs. Sell herself at— A. When I—when I got this message that Mrs. Sell wished this paper, I phoned Mrs. Sell and talked to her at home.

"Q. Yes? A. My reason for doing so was because I knew that there had been this difficulty wherein Mr. Sell had been sent to Santa Rita and I wanted to find out from her as to whether or not there had been a reconciliation before obtaining a final decree.

"Her answer was that Mr. Sell had been allowed to move back into the house because he had no money, he was out of work, and had no place to live, and she let him come back there, but there had never been a reconciliation." Accordingly, the attorney prepared the affidavit for the final which the plaintiff signed before a notary public. The affidavit was filed and the final decree was entered.

During the 30 days the defendant was in custody his wife moved into a rest home, but upon his release defendant moved her back to the family home and they resumed living together. One month after the entry of the final decree, appellant and his wife executed reciprocal wills, each acknowledging the other as his respective spouse. The wills were executed on July 3, 1959; the defendant denied any knowledge of the final decree until approximately three weeks after the wills had been executed. On October 17, 1959, the wife died and on December 8, 1959, letters testamentary were issued to appellant, who commenced this proceeding to have the interlocutory and final decrees set aside on April 5, 1960.

In addition to appellant's testimony that there had been a reconciliation, the court took judicial notice of the will which had been executed one month after the entry of the final decree in which the wife referred to appellant as her husband. Two witnesses also appeared on his behalf. They

were women friends of the deceased wife who testified in substance that the parties appeared to have become reconciled, that they observed them living together and that the wife had told them that she and defendant had lived together as husband and wife after the interlocutory had been entered and prior to the filing of the final decree. Defendant knew of the final decree three months prior to his wife's death but testified that he took no action to have it set aside because of her ill health. This proceeding was commenced nearly six months after she died. Since the wife left all of her property to defendant by the will, the sole purpose of this proceeding, as defendant candidly admits, is to obtain the inheritance tax exemption allowed a spouse.

In an action to set aside a decree of divorce, the court has inherent power to set aside the judgment if the evidence is sufficient to prove extrinsic fraud which has deprived a party of a fair adversary hearing. ''Where a final decree of divorce is secretly obtained by an ex parte order after a reconciliation, the fraud is on the court as well as the other spouse, and it may be set aside on motion or by action.'' (3 Witkin, California Procedure, § 72, pp. 2125, 2126; see *McGuinness* v. *Superior Court*, 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110]; *Miller* v. *Miller*, 26 Cal.2d 119 [156 P.2d 931].) This relief is available even though one spouse has died after entry of the final decree (*McGuinness* v. *Superior Court, supra*).

The trial court is the judge of whether or not the facts justify the relief sought. In this case the determinative question of fact is whether a reconciliation after the entry of the interlocutory was proved. The well-established rule that a reviewing court will not reweigh the conflicting evidence of the parties applies to this proceeding. If there is any substantial evidence which will support the finding of the trial court that there was no reconciliation, the judgment will not be disturbed (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557]). The evidence produced by defendant is strong indeed, but we cannot weigh it against contrary evidence. Our sole province is to determine whether there is evidence which supports the trial court's finding (*Ruggles* v. *Bailey*, 15 Cal. App.2d 555 [59 P.2d 837]). We believe the testimony of the wife's attorney is sufficient to support the finding that there had not been a reconciliation, and for that reason the judgment must be affirmed.

Order affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.