[Civ. No. 33248.   Second Dist., Div. One.   Apr. 29, 1969.]

ROBERT H. KELLEY, Plaintiff and Respondent, v. DORA
L. KELLEY, Defendant and Appellant.

Bolton & Moore and John C. Moore for Defendant and Appellant.

Stanley H. Anderson for Plaintiff and Respondent.

THOMPSON, J.—Robert H. Kelley, respondent, obtained an interlocutory decree of divorce from Dora L. Kelley, appellant, in November 1959 after 20 years of marriage. The decree approved a property settlement agreement which gave the family home and furnishings in Inglewood and certain personal property and bank deposits to Dora as her separate property and gave another parcel of real estate in Inglewood and certain personal property and bank deposits to Robert as his separate property. It also awarded alimony of $25 a week to Dora and ordered Robert to pay $30 a week for the support of a minor daughter and $20 a week for support of a minor son.

Robert rented an apartment in Glendale. From January until June 1960, he and Dora were frequent social companions and on occasions engaged in sexual intercourse. Late in June of that year, Robert suffered a heart attack. Upon his release from the hospital, he returned to what had been the family home in Inglewood. Robert continued to live at the Inglewood residence with Dora except for frequent and sometimes extended periods when his job as a heavy construction worker took him out of town. At all times material, Robert paid $70 a week to Dora and continued to make payments in that sum after the children had married and moved from the Inglewood home.

In May 1967, Robert went to Sacramento on a construction project. Dora visited him in October. A dispute arose and the

parties signed a purported agreement prepared by Robert on hotel stationery by which Robert agreed to pay $5,000 to Dora which she agreed to take in lieu of further alimony. On October 30, 1967, Dora filed a new complaint for divorce. On November 17, Robert countered with the motion for final judgment of divorce *nunc pro tunc* which is now before us.

Robert's motion was supported by his declaration that there had not been an ''unconditional reconciliation'' of the parties. The declaration stated that Robert and Dora had resumed cohabitation to provide joint parental control over their children and upon Dora's promise not to associate with ''other males.'' It stated also that Dora had not kept her promise. Declarations of Dora and eight other witnesses submitted in opposition to the motion declared that there had been an ''unconditional'' reconciliation of the parties. Most facts as stated in the declarations were amplified by testimony of Robert and Dora. That testimony included evidence of the existence of a joint bank account of the parties and of their having filed joint income tax returns in some years.

On the basis of the conflicting evidence, the trial court found that there had not been a reconciliation, granted Robert's motion for final judgment of divorce *nunc pro tunc,* and on December 14, 1967, entered the judgment as of November 28, 1960. Dora perfected the appeal which is now before us.

Appellant's (Dora's) sole ground of appeal is that the finding of the trial court that the parties had not reconciled is not supported by substantial evidence. The record requires that we rule to the contrary.

█ Reconciliation of the parties after the entry of an interlocutory decree of divorce terminates the right to a final judgment. (*Angell* v. *Angell,* 84 Cal.App.2d 339 [191 P.2d 54].) █ The determination of whether the parties have reconciled is a question of fact for the trial court which will not be disturbed on appeal if supported by substantial evidence. (*Nemer* v. *Nemer,* 117 Cal.App.2d 35 [254 P.2d 661].) The burden of proof in the trial court is upon the party asserting the fact of reconciliation. (*Dean* v. *Dean,* 77 Cal.App.2d 98 [174 P.2d 705].)

Here there is an ample although by no means overwhelming evidentiary base to support the conclusion of the trial judge that appellant did not sustain her burden. █ Reconciliation is defined in California as a mutual manifestation of intention that the parties shall thereafter permanently live

together as husband and wife accompanied by a resumption by them of the intended status. (*Estate of Abila,* 32 Cal.2d 559 [197 P.2d 10]; *Dean* v. *Dean,* 77 Cal.App.2d 98 [174 P.2d 705]; *Nacht* v. *Nacht,* 167 Cal.App.2d 254 [334 P.2d 275].) The intention must be unconditional (*Angell* v. *Angell,* 84 Cal.App.2d 339 [191 P.2d 54]) and must contemplate a complete restoration of marital rights. (*Dean* v. *Dean, supra.*) Marital rights in this context include not only cohabitation in the sexual sense[1] but also those rights pertinent to the companionate aspects of marriage and those pertaining to marital property. (*Hawkins* v. *Hawkins,* 104 Cal.App. 608 [286 P. 747]; *Schletewitz* v. *Schletewitz,* 85 Cal.App.2d 366 [193 P.2d 34].)

In the case at bench, there was evidence before the trial court from which it could conclude that Robert and Dora had not unconditionally resumed their relationship as husband and wife. Robert's declaration states that he and Dora had resumed cohabitation upon a condition—that she not associate with other men. More significantly, there was evidence that the parties had not agreed to a restoration of the property rights of marriage. Robert continued to pay a sum denominated alimony to Dora until the final breakup giving rise to this litigation, a fact consistent with a continued status of divorce but inconsistent with marriage.

Appellant argues that the long period of cohabitation after entry of the interlocutory decree (eight years) impels the conclusion that the parties had reconciled as a matter of law. Length of cohabitation while significant as a matter of evidence of reconciliation is not conclusive. A finding of a trial court that there was no reconciliation has been upheld where the parties cohabited for five years. (*Estate of Abila,* 32 Cal.2d 559 [197 P.2d 10].) Conversely, a finding of reconciliation after a resumption of marital relations for only 10 days has also been sustained. (*Peters* v. *Peters,* 16 Cal.App.2d 383 [60 P.2d 313].) The trial court here determined that other contrary evidence outweighed the possible inferences to be drawn from the long cohabitation of the parties. We will not reweigh that evidence.

The judgment is affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.

---

[1]The law of most other jurisdictions is contra. Cohabitation alone bars the final decree. (27A C.J.S., Divorce, § 61.)